UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**SGA GLOBAL, LLC**,
   a Texas limited liability company,

       Plaintiff,

v.

**SURFACE COATINGS COMPANY**,
   a Michigan corporation,

       Defendant.

Case No. 2:07-cv-10332

Hon. Robert H. Cleland

_____/

| Michael R. Turco (P48705)<br>Christopher J. Nelson (P53745)<br>Lance R. Zoerhof (P63980)<br>BUTZEL LONG<br>Stoneridge West<br>41000 Woodward Ave.<br>Bloomfield Hills, MI  48304<br>(248) 258-1616<br>Attorneys for Plaintiff | R. Keith Stark (P20909)<br>Peter L. Arvant (P52809)<br>STARK REAGAN, P.C.<br>1111 W. Long Lake Road,<br>Second Floor<br>Troy, MI  48098<br>(248) 641-9955<br>Attorneys for Defendant |

_____/

## STIPULATED PROTECTIVE ORDER

Pursuant to the Court's authority under F.R.C.P. 26, with the consent of the parties, and to expedite the flow of discovery material, facilitate a potential resolution, and protect material entitled to be kept confidential, **IT IS HEREBY ORDERED** as follows:

    **1.**    **Protected Information.**

If one party requests in discovery (or if Fed.R.Civ.P. 26 or other order of the Court requires), production of information that the other party and/or the Court considers confidential and/or proprietary and/or trade secret and/or patent protected information, or information the disclosure or discovery of which should only be allowed under

1

specified terms or conditions, the producing party may designate the information as "confidential" or a similar designation. All documents which the producing party designates as "confidential" shall be stamped or labeled "confidential" on each page by the producing party or at the direction of the producing party by a copy or document reproduction service.  Designations of "confidential" at depositions shall be made on the record of the proceedings.

All information designated as "confidential" shall be subject to the provisions of this Order.

2. **Non-Disclosure of Confidential Information.**

Except with the prior written consent of the party that produced it, or as otherwise provided under this Order, or as required by law, no confidential information may be disclosed to any individual or entity, in any form whatsoever except to those persons, and for those purposes, delineated in paragraphs 3 and 4, below. Under no circumstances may confidential information be used for any purpose other than for those purposes necessary to this litigation.

3. **Permissible Disclosure**.

Notwithstanding paragraph 2, confidential information may be disclosed to:

A. The parties to this action and officers, directors and other agents of entity parties to the extent reasonably necessary to render assistance to counsel in the conduct of this litigation;

B. Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

    C.    Attorneys, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    D.    Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court);

    E.    Outside consultants or experts retained for the purpose of assisting counsel in this litigation and who agree to be bound by the terms of this Order; and

    F.    Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper, after hearing of the parties.

**4.**    **Use of Confidential Information at Trial.**

The provisions of this Order shall not apply to restrict the use of confidential information at the trial of this action. Any party may move the Court for an order that evidence be received at trial in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the confidential information should continue to be treated as such and, if so, what protection, if any, may be afforded to such information at the trial.

**5.**    **Custody and Safekeeping of Confidential Information.**

Counsel for a party to which confidential information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the

protected information. The duplication of confidential information shall be limited to what is reasonably necessary for the conduct of this litigation.

**6.     Filing of Documents Containing Confidential Information.**

Each document that is filed with the Court that contains any portion of any confidential information or information taken from any confidential documents shall be filed in a sealed envelope or other appropriate sealed container in which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL", and a statement substantially in the following form:

> "This envelope is sealed and contains confidential information filed in this case and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

**7.     Non-Termination.**

The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, confidential documents and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or, at the option of the producer, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

**8.     Declassification.**

A party may apply to the Court for a ruling that confidential information is not entitled to such status and protection, unless the Court has previously ordered that the

4

information shall be produced pursuant to this Protective Order.  The party that designated the information as confidential shall have the burden to prove that there is good cause for the information to have such protection.

### 9. **Modification Permitted.**

Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

### 10. **Safekeeping of Confidential Information.**

The parties, their counsel and experts, or any other person retained by any party to assist in the preparation of this action shall not, under any circumstances, sell, offer for sale, advertise, or publicize either the contents of confidential documents or the fact that the party has obtained confidential documents or confidential information.

### 11. **Non-disparagement and third party communication.**

During the pendency of this dispute, neither party shall disparage the other or the products or services provided by the other party.  Without limiting either party's ability to conduct third party discovery, both parties agree to provide, to the extent necessary, only the following statement to third parties regarding this dispute or the other party:

> "SGA Global and Surface Coatings are experiencing some business differences.  Both parties are working through the legal process to amicably resolve those differences."

### 12. **Continuing Jurisdiction.**

After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have jurisdiction over the parties and

recipients of the confidential information for enforcement of the provisions of this Order following termination of this litigation.

                                        <u>S/Robert H. Cleland</u>
                                        United States District Court Judge

Dated: February 21, 2007

So Stipulated and Agreed:

<u>/s/ Christopher J. Nelson</u>
Michael R. Turco (P48705)
Christopher J. Nelson (P53745)
Lance R. Zoerhof (P63980)
BUTZEL LONG
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, MI  48304
(248) 258-1616
Attorneys for Plaintiff

<u>/s/ with consent of Peter L. Arvant</u>
R. Keith Stark (P20909)
Peter L. Arvant (P52809)
STARK REAGAN, P.C.
1111 W. Long Lake Road,
Second Floor
Troy, MI  48098
(248) 641-9955
Attorneys for Defendant

6