## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SGA GLOBAL, LLC,

       Plaintiff,

v.                                              Case No. 07-CV-10332-DT

SURFACE COATINGS CO.,

       Defendant.

_____/

### OPINION AND ORDER STRIKING "DEFENDANT'S VERIFIED REQUEST FOR ENTRY OF DEFAULT, DEFAULT JUDGMENT AND AFFIDAVIT IN SUPPORT"

On August 8, 2007, the court held a status conference in the above-captioned matter, during which counsel for Defendant Surface Coatings Co. was the only person who appeared. During the conference, the court directed defense counsel to file a motion for default judgment. Because Defendant failed to do so, the court entered an order requiring Defendant to show cause why its counterclaim against Plaintiff SGA Global LLC should not be dismissed for failure to prosecute. On September 25, 2007, Defendant filed its answer to the court's show cause order in addition to a "Verified Request for Entry of Default, Default Judgment and Affidavit in Support." For the reasons stated below, the court will strike Defendant's request in its current form and direct Defendant to file an amended request for a clerk's entry of default.

Federal Rule of Civil Procedure 55 governs both defaults and default judgments. Rule 55(a) applies to entries of default, and states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, *the*

Dockets.Justia.com

*clerk shall enter the party's default*," (emphasis added).  Rule 55(b)(1) allows the clerk

to also enter a default judgment in a few specified cases; otherwise, Rule 55(b)(2)

provides that the court may enter a default judgment.

"An entry of default and a default judgment are distinct concepts which must be

treated separately."  *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D.

Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944,

950 (N.D. Ind. 1975)).  As another district court has stated,

> [t]he section of the rule regarding default is dealt with in Rule 55(a), and
> the section of the rule regarding judgment is dealt with in Rule 55(b).
> These sections have separate headings and procedures that are distinct
> from one another.  Thus, a plain reading of Rule 55 demonstrates that
> entry of default by the clerk is a prerequisite to an entry of default
> judgment.[1]

*Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); s*ee also*

*Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting *Sys.*

*Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985)) ("Entry of a default . . . is a

prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local #245 of*

*the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D. N.J. 1981)

("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or

(b)(2) unless a default has previously been entered by the clerk under 55(a).  Thus, the

entry of default is an essential predicate to any default judgment.").

The court follows the majority of courts in finding that a plain reading of Federal

Rule of Civil Procedure 55 requires a clerk's entry of default before a court can enter a

default judgment.  Therefore, Defendant's current request for both a clerk's entry of

---

[1]While there is an exception to this rule when a court enters a default judgment
as a discovery sanction under Federal Rule of Civil Procedure 37, this exception does
not apply here.

default and a default judgment is improper and will be stricken from the court's docket. Accordingly,

IT IS ORDERED that "Defendant's Verified Request for Entry of Default, Default Judgment and Affidavit in Support" [Dkt. # 24] is STRICKEN from the court's docket.

IT IS FURTHER ORDERED that Defendant file with the clerk of the court a request for a clerk's entry of default by **September 28, 2007**.  If the clerk enters default against Plaintiff, Defendant is DIRECTED to a file a motion for default judgment with the court within **7 days** of the clerk's entry of default.  **Defendant's failure to comply with the requirements and deadlines set forth in this order will result a notice that Defendant's counterclaim may be dismissed for failure to prosecute.  *See* E. D. Mich. L. R. 41.2.**


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 26, 2007, by electronic and/or ordinary mail.


s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522