# 1UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SGA GLOBAL, LLC,

    Plaintiff/Counter-Defendant,

v.                                                 Case No. 07-CV-10332-DT

SURFACE COATINGS CO.,

    Defendant/Counter-Plaintiff.
_____/

## AMENDED NOTICE OF INTENDED DEFAULT JUDGMENT ORDER

IT IS ORDERED that the parties TAKE NOTICE that the court intends to enter the attached order granting in part and denying in part "Defendant's Motion for Entry of Default Judgment Against Plaintiff." The parties are invited to file supplemental documentation for the court's consideration in response to the court's intended order. Any supplemental material must be filed on the court's docket on or before **Monday October 29, 2007.**

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2007, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

# EXHIBIT A

# PROPOSED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SGA GLOBAL, LLC,

    Plaintiff/Counter-Defendant,

v.                                                        Case No. 07-CV-10332-DT

SURFACE COATINGS CO.,

    Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANT'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
PLAINTIFF" AND ENTERING JUDGMENT AGAINST PLAINTIFF FOR $4,799.71**

Pending before the court is Defendant/Counter-Plaintiff Surface Coatings Co.'s ("Surface's") October 2, 2007 "Motion for Entry of Default Judgment Against [Plaintiff/Counter-Defendant SGA Global, LLC ("SGA")]." The court has reviewed the briefing in this matter and heard oral argument on October 31, 2007. For the reasons stated below, the court will grant in part and deny in part Surface's motion.

## I. BACKGROUND

SGA filed its complaint and motion for temporary restraining order against Surface on January 22, 2007. During a February 7, 2007 status conference, the parties agreed to stay the proceedings and attempt to amicably resolve their dispute. Because the parties were unable to do so, the court lifted the stay for Surface to file its answer. Surface filed both its answer and its counterclaim on June 11, 2007.

# PROPOSED

On July 12, 2007, The court granted SGA's counsel's unopposed motion to withdraw and required SGA to obtain substitute counsel by August 6, 2007. The court specifically warned SGA that its failure to comply with the court's order could result in dismissal. Because SGA failed to obtain substitute counsel or appear at the August 8, 2007 status conference, the court dismissed SGA's complaint under Eastern District of Michigan Local Rule 41.2. On September 26, 2007, Surface obtained a clerk's entry of default on its counterclaim under Federal Rule of Civil Procedure 55(a) because SGA had not answered, responded or otherwise defended against Surface's counterclaim. Surface filed its Federal Rule of Civil Procedure 55(b)(2) motion for entry of default judgment against SGA on its counterclaim on October 2, 2007.

## II. DISCUSSION

In its motion, Surface requests default judgment and damages for (1) amounts due for its shipping and packaging services, (2) the wholesale inventory price of, and lost profits from, inventory sent to SGA, (3) attorneys' fees Surface incurred from SGA's abuse of process and (4) lost sales and profits resulting from SGA's attempts to poach Surface's customers and defame Surface to its customers. Surface's counterclaim alleges facts sufficient to support each of these claims. Because SGA has not responded to, or defended against, Surface's counterclaim, SGA is deemed to have admitted all of Surface's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F.Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir.1981)). Therefore, Surface is entitled to default

2

# PROPOSED

judgment on the issue of SGA's liability for each of the above claims. *See id.*; Fed. R. Civ. P. 55.

The court cannot, however, automatically enter judgment for the $360,352.69 that Surface requests. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)). "Under a plain reading of Rule 55(b)(1), [the movant's] burden is to establish that the damages requested are such that may be computed to a sum certain and to present an affidavit computing damages." *Meyer v. City of Cincinnati*, Nos. 90-3679, 90-3805, 1991 WL 165584, *3 (6th Cir. Aug. 27, 1991).

In its motion, Surface requests (1) $4,799.71 in damages for shipping and packaging charges, (Surface's Mot. Br. at 7), (2) $1,783.81 for inventory Surface provided SGA, (*id.* at 8), (3) $41,272.17 in attorneys' fees, (*id.* at 11), and (4) $264,497.00 in lost profits for 2007 to 2009, (*id.* at 17). Surface has provided spreadsheets, previously sent to SGA via e-mail, detailing the amount SGA owed Surface in shipping and packaging charges. (Spreadsheets, Surface's Mot. at Exs. C and D.) Accordingly, the court finds that Surface is entitled to $4,799.71 in outstanding shipping and packaging charges.

Regarding the remaining damages requests, however, Surface has failed to provide the court with evidence supporting its damages calculations. With regard to inventory that Surface provided SGA, Surface has failed to attach documentation

# PROPOSED

supporting its valuation of either the wholesale price of the inventory or the profits Surface would have gained from selling the inventory. Therefore, although it is undisputed that SGA owes Surface some amount for the price of the inventory and lost profits, the court has no basis on which to award any damages amount.

With respect to Surface's request for attorneys' fees in its abuse of process claim, it is undisputed that SGA deliberately misrepresented facts in its complaint in order to harass and damage Surface and that Surface is entitled to attorneys' fees and costs incurred in defending against SGA's complaint.[1] Because Surface has yet to provide the court with detailed documentation supporting its requested $41,272.17 attorneys' fees award, Surface has failed to substantiate its attorneys' fees damages claim.

Finally, although SGA has failed to refute Surface's claims that Surface has lost profits from customers due to SGA's defamatory statements, intentional interference with Surface's valid business relationships and poaching of Surface's customers, Surface has not substantiated its $264,497.00 lost profits calculation. Specifically, Surface has failed to provide the court with (1) documentation demonstrating Surface's 2006 profits, on which its lost profits calculation is based, (2) affidavits or other evidence showing that, as to *each* Surface customer, SGA defamed Surface to the customer, successfully poached the customer or otherwise interfered with their business

---

[1] Surface is not, however, entitled to attorneys' fees and costs incurred in pursuing Surface's counterclaims.

# PROPOSED

relationship as alleged in the complaint[2] and (3) analysis and/or documentation

establishing the basis for a damages award from 2007 to 2009.[3]

### III. CONCLUSION

IT IS ORDERED that Surface's "Motion for Entry of Default Judgment Against

[SGA]" [Dkt. # 30] is GRANTED IN PART and DENIED IN PART. Judgment is awarded

for Surface and against SGA for the total amount of $4,799.71.

IT IS FURTHER ORDERED that the court shall retain jurisdiction of this matter

pending satisfaction of this judgment.


                                                  S/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2007, by electronic and/or ordinary mail.

                                                  S/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522

---

[2] At this point the court is not inclined to award lost profits for any Surface customer without evidence that Surface has lost this customer, not because Surface no longer carries DSF, but because SGA defamed Surface to the customer, successfully poached the customer or otherwise interfered with their business relationship as alleged in the complaint.

[3] Surface provides no analysis regarding its requested time period for lost profits.