**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SGA GLOBAL, LLC,

        Plaintiff/Counter-Defendant,

v.                                    Case No. 07-CV-10332-DT

SURFACE COATINGS CO.,

        Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING "DEFENDANT'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST PLAINTIFF" AND ENTERING
JUDGMENT AGAINST PLAINTIFF FOR $320,301.57**

Pending before the court is Defendant/Counter-Plaintiff Surface Coatings Co.'s

("Surface's") October 2, 2007 "Motion for Entry of Default Judgment Against [Plaintiff/

Counter-Defendant SGA Global, LLC ("SGA")]." The court has reviewed the briefing in

this matter and heard oral argument on October 31, 2007. For the reasons stated

below, the court will grant Surface's motion.

## I. BACKGROUND

SGA filed its complaint and motion for temporary restraining order against

Surface on January 22, 2007. During a February 7, 2007 status conference, the parties

agreed to stay the proceedings and attempt to amicably resolve their dispute. Because

the parties were unable to do so, the court lifted the stay for Surface to file its answer.

Surface filed both its answer and its counterclaim on June 11, 2007.

On July 12, 2007, The court granted SGA's counsel's unopposed motion to

withdraw and required SGA to obtain substitute counsel by August 6, 2007. The court

specifically warned SGA that its failure to comply with the court's order could result in dismissal. Because SGA failed to obtain substitute counsel or appear at the August 8, 2007 status conference, the court dismissed SGA's complaint under Eastern District of Michigan Local Rule 41.2. On September 26, 2007, Surface obtained a clerk's entry of default on its counterclaim under Federal Rule of Civil Procedure 55(a) because SGA had not answered, responded or otherwise defended against Surface's counterclaim. Surface filed its Federal Rule of Civil Procedure 55(b)(2) motion for entry of default judgment against SGA on its counterclaim on October 2, 2007, and the court held an October 31, 2007 hearing on the motion. SGA did not respond to Surface's motion for default judgment or appear at the hearing.

## II. DISCUSSION

In its motion, Surface requests default judgment and damages for (1) amounts due for its shipping and packaging services, (2) the wholesale inventory price of, and lost profits from, inventory sent to SGA, (3) attorneys' fees Surface incurred from SGA's abuse of process and (4) lost sales and profits resulting from SGA's attempts to poach Surface's customers and defame Surface to its customers. Surface's counterclaim alleges facts sufficient to support each of these claims. Because SGA has not responded to, or defended against, Surface's counterclaim, SGA is deemed to have admitted all of Surface's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F.Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir.1981)). Therefore, Surface is entitled to default judgment on the issue of SGA's liability for each of the above claims. *See id*.; Fed. R. Civ. P. 55.

The court cannot, however, automatically enter judgment for the $360,352.69 that Surface requests. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)). "Under a plain reading of Rule 55(b)(1), [the movant's] burden is to establish that the damages requested are such that may be computed to a sum certain and to present an affidavit computing damages." *Meyer v. City of Cincinnati*, Nos. 90-3679, 90-3805, 1991 WL 165584, *3 (6th Cir. Aug. 27, 1991).

In its motion, Surface requests (1) $4,799.71 in damages for shipping and packaging charges, (Surface's Mot. Br. at 7), (2) $1,783.81 for inventory Surface provided SGA, (*id.* at 8), (3) $41,272.17 in attorneys' fees, (*id.* at 11) and (4) $264,497.00 in lost profits for 2007 to 2009, (*id.* at 17). Surface has provided spreadsheets, previously sent to SGA via e-mail, detailing the amount SGA owed Surface in shipping and packaging charges. (Spreadsheets, Surface's Mot. at Exs. C and D.) Accordingly, the court finds that Surface is entitled to $4,799.71 in outstanding shipping and packaging charges.

With regard to inventory that Surface provided SGA, Surface has supplemented its initial motion with documentation relating to wholesale pricing and requests damages for either the wholesale inventory price of $1,114.88 or Surface's lost profits of $1,783.81. (*See* Wholesale Pricing, Surface's Supplement Ex. M; Itemization of Purchases, Surface's Supplement Ex. B.) These documents support Surface's proffered wholesale pricing figures. However, Surface's lost profits figure would require a profit margin of over 60 percent, which is not supported by Surface's average 2006

profit margin of 45.1%. (*See* 2006 Profit, Surface's Supplement Ex. F.) Therefore, the court finds that Surface is entitled to $1,617.69, which reflects Surface's lost profit figure for the inventory it sent to SGA.

With respect to Surface's request for attorneys' fees in its abuse of process claim, it is undisputed that SGA deliberately misrepresented facts in its complaint in order to harass and damage Surface and that Surface is entitled to attorneys' fees and costs incurred in defending against SGA's complaint. Surface is not, however, entitled to attorneys' fees and costs incurred in pursuing Surface's counterclaims. Surface has requested $40,976.00 in attorneys' fees and $696.58 in costs and submitted itemized statements to support this request for the court's *in camera* review. (Billing Statements, Surface's Supplement Ex. A.) Although Surface represents that these costs and attorneys' fees were "incurred by Surface in defending SGA's Complaint (as opposed to prosecuting its Counter-Claim)," (Surface's Supplemental Br. at 2), a review of the billing statements reveal at least $7,774.00 in attorneys' fees and $14.41 in costs were incurred prosecuting Surface's counterclaim rather than defending against SGA's complaint. Accordingly, the court will reduce Surface's requested attorneys' fees and costs by these amounts and award Surface $33,884.17 in attorneys' fees and costs.

Finally, SGA has failed to refute Surface's claims that Surface has lost profits from customers due to SGA's defamatory statements, intentional interference with Surface's valid business relationships and poaching of Surface's customers. Surface has requested $280,000.00 in lost profits for the years 2007 to 2009 and provided sufficient evidence in the form of affidavit and hearing testimony to support these alleged damages. Accordingly, the court will award Surface $280,000 in lost profits.

### III. CONCLUSION

IT IS ORDERED that Surface's "Motion for Entry of Default Judgment Against [SGA]" [Dkt. # 30] is GRANTED. Judgment is awarded for Surface and against SGA for the total amount of $320,301.57.

IT IS FURTHER ORDERED that the court shall retain jurisdiction of this matter pending satisfaction of this judgment.

         S/Robert H. Cleland

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2007, by electronic and/or ordinary mail.

         S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522